## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**AIR FORCE OFFICER**                                     :
                                                          :
                                    *Plaintiff,*          :
                                                          :
v.                                                        :         Case: 1:22–cv–01267
                                                          :         Assigned To : Howell, Beryl A.
**LLOYD J. AUSTIN, III**, in his                          :         Assign. Date : 5/4/2022
official capacity as Secretary of Defense                 :         Description: Other Civ. Rights (L–DECK)
1000 Defense Pentagon                                     :
Washington, D.C. 20301-1000                               :
                                                          :
**FRANK KENDALL, III**, in his                            :
official capacity as Secretary of the Air Force           :         **Case No.**
1000 Defense Pentagon                                     :
Washington, D.C. 20301-1000                               :
                                                          :
**ROBERT I. MILLER**, in his                              :
official capacity as Surgeon General                      :
of the Air Force                                          :
1000 Defense Pentagon                                     :
Washington, D.C. 20301-1000                               :
                                                          :
**RUDOLF WILHELM KUEHNE, JR.**                            :
in his official capacity as Commander,                    :
Air Force Flight Standards Agency                         :
1000 Defense Pentagon                                     :
Washington, D.C. 20301-1000                               :
                                                          :
                                    *Defendants.*         :

## COMPLAINT

### THE PARTIES

1. The Plaintiff is an active-duty Officer in the United States Air Force. Plaintiff Officer

desires to not disclose their name publicly; plaintiff Officer has a substantial privacy right that

can only be preserved by proceeding anonymously. Plaintiff's identity will be disclosed to the

defendants. Pursuant to Local Rule 5.1(c)(1) Plaintiff Officer will file under seal a separate

Notice disclosing plaintiff's address to the Court and the Defendants.

1

2.  Defendant Lloyd J. Austin, III, is the Secretary of the United States Department of Defense. Secretary Austin is sued in his official capacity.

3. Defendant Frank Kendall, III, is the Secretary of the United States Air Force. Secretary Kendall is sued in his official capacity.

4. Defendant Robert I. Miller is the Surgeon General of the United States Air Force. Surgeon General Miller is sued in his official capacity.

5. Defendant Rudolf Wilhelm Kuehne is the Commander of the United States Air Force, Air Force Flight Standards Agency, and the plaintiff officer's commanding officer. Rudolf Wilhelm Kuehne is sued in his official capacity.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the United States Constitution and federal law.

7. The Court also has jurisdiction under 28 U.S.C. § 1346 because this is a civil action against the United States.

8. The Court also has jurisdiction under 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.

9. The Court also has jurisdiction under 42 U.S.C. § 2000bb-1(c) because Plaintiff's religious exercise and that of other service members have been burdened by Defendants.

11. The Court also has jurisdiction to review and enjoin ultra vires or unconstitutional agency action through an equitable cause of action.

12. This Court has authority to award the requested relief under 42 U.S.C. § 2000bb-1; the requested declaratory relief under 28 U.S.C. §§ 2201-02; the requested

injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. § 2202; and costs and attorneys' fees

under 42 U.S.C. § 1988(b) and 28 U.S.C. § 2412.

13. Venue is proper in this district under 28 U.S.C. § 1391(e) because

Defendants are officers and employees of the United States, and the military workplace and the

defendants have a place of business advertised as 1690 Air Force Pentagon, Washington, DC

20330–1670.

## FACTUAL BACKGROUND

14. Defendant Secretary of Defense, Lloyd Austin on August 24, 2021, issued a mandate

for all service members of the Armed Forces under Department of Defense authority on active

duty or in the Ready Reserve to receive a COVID-19 vaccine ("DoD Military Mandate").

15. The DoD Military Mandate states, *inter alia*, that "Military Departments should use

existing policies and procedures to manage mandatory vaccination of Service members to the

extent practicable."

16. At the time of issuance of the DoD Military Mandate, Air Force Instruction (AFI)

48-110, Immunizations and Chemoprophylaxis for the Prevention of Infectious Disease, dated

February 16, 2018, was an existing policy and procedure of the Air Force and remains a policy

and procedure of the Air Force. AF 48-110 is mandatory.

17. AFI 48-110 states in part: "General examples of medical exemptions include the

following… (b) Evidence of immunity based on serologic tests, documented infection, or similar

circumstances." However, the DoD Military Mandate further states in part, "Those with previous

COVID-19 infection are not considered fully vaccinated." The DoD Military Mandate further

states in part, "Service members who are actively participating in COVID-19 clinical trials are

exempted from mandatory vaccination against COVID-19 until the trial is complete in order to

avoid invalidating such clinical trial results." Thereby creating a class of unvaccinated active-duty service members. Service members with approved medical accommodations and clinical-trial participants are permitted to work in person (assumedly so long as they engage in mitigation steps such as taking COVID-19 tests, test negative, wear a mask, hand washing and socially distancing).

18. On September 3, 2021, Secretary Kendall issued a mandate for all active duty service members of the Air Force, "unless exempted," to be fully vaccinated by November 2, 2021, and for all Reserve service members, "unless exempted," to be fully vaccinated by December 2, 2021 ("Air Force Military Mandate").

19. On March 31, 2022, the U.S. District Court for the Southern District of Ohio (Western Division – Cincinnati) granted a preliminary injunction to plaintiff service members of the Air Force enjoining and restraining the Air Force from taking disciplinary or separation measures against the service member plaintiff's their refusal to get vaccinated due to their sincerely held religious beliefs.

20. On March 29, 2022, the U.S, District Court in Texas granted class action status to service members in the U.S. Navy who requested religious exemptions to the vaccine mandate, thereby applying the court's preliminary injunction to all Navy service members who applied for a religious exemption to the vaccine mandate.

21. The United States Department of Health and Human Services (HHS), cited as authority in Executive Order 14043, and the Centers for Medicare & Medicaid Services (CMS) issued a COVID-19 regulation recognizing that the vaccinated and those who "have recovered from infection… are no longer sources of future infections." 86 Fed. Reg. at 61,604. Nonetheless, the Air Force Military Mandate states in part, "Individuals with previous

4

COVID-19 infection or positive serology are not considered vaccinated and are not exempt."

22. On August 31, 2021, Plaintiff Officer submitted a request for a religious exemption to the vaccine mandate promulgated by defendant Secretary Kendall. Before this date, on June 1, 2020, Plaintiff Officer had submitted a request for a religious exemption to the Air Force vaccine/immunization requirements. The Air Force allowed Plaintiff Officer to remain unvaccinated/immunized and did not act on this request.

23. On September 7, 2021, defendant Rudolf Wilhelm Kuehne acknowledged receipt of Plaintiff Officer's request for a religious based exemption to required immunizations.

24. On October 19, 2021, defendant Rudolf Wilhelm Kuehne issued a Decision Regarding Religious Accommodation Request, denying the request of Plaintiff Officer. In the denial, defendant Rudolf Wilhelm Kuehne stated "While your request appears to be a sincerely held religious belief, I have to balance that with the compelling government interest in preventing a real adverse impact to military readiness and maintaining the health and safety of our unit's civilian and military members. According to the CDC and military health officials vaccinations are the least restrictive means to prevent the spread of certain communicable diseases." "As the Commander of a Field Operating Agency, DAFI 52-201 para 6.6.1 grants me the authority to approve or deny requests for a religious exemption to immunization requirements. Under this authority, I have decided to DENY your request for religious exemption to all Air Force directed immunizations."

25. On October 29, 2021, defendant Rudolf Wilhelm Kuehne sent an email to Plaintiff Officer and others confirming "All, we have received a few questions on this. Here is my advice, if you are dead set against getting this vaccine then this is your time to apply for a free and clear separation." Rather than abandon his sincere held religious beliefs, Plaintiff Officer followed the

5

advice of the commanding officer and submitted a request for a free and clear separation dated

October 26, 2021. On February 14, 2022, the defendant Frank Kendall III denied Plaintiff

officer's request for separation from the Air Force due to the "board determined the justification

submitted by the applicant did not demonstrate it was in the best interest of the Air Force to

separate early given his lengthy service commitment and acute need for officers in his career

field."

26. On December 2, 2021, defendant Robert I. Miller issued a Decision on Religious

Accommodation Appeal, denying Plaintiff Officer's appeal of the command denial of his request

for a religious accommodation exemption/waiver to vaccines/immunizations, asserting "Your

health status as a non-immunized individual in this dynamic environment, and aggregated with

other nonimmunized individuals in steady state operations, would place health and safety, unit

cohesion, and readiness at risk. Foregoing the above immunization requirements would have a

real adverse impact on military readiness and public health and safety. There are no less

restrictive means available in your circumstance as effective as receiving the above

immunizations in furthering these compelling government interests."

27. On February 15, 2022, defendant Rudolf Wilhelm Kuehne issued an Order to Receive

Mandatory COVID-19 Vaccine to Plaintiff Officer, requiring compliance by February 20, 2022.

Adhering to sincerely held religious beliefs, Plaintiff Officer did not comply.

28. On March 14, 2022, defendant Rudolf Wilhelm Kuehne issued a Letter of

Reprimand, stating, *inter alia*, "Your continued unvaccinated state increases the

risk of serious illness both to you and to those around you. The Core Value of Service Before

Self requires that you put the mission first and its requirements ahead of your own. Your

failure to comply with DoD vaccination requirements, as well as the directive from the

Secretary of the Air Force, demonstrates that you have placed your own interests above the mission. I expect you to immediately comply with all vaccination directives and meet the standards required of you. Further refusal to obey DoD and Air Force vaccination requirements will not be tolerated, and may result in more severe action being taken against you." In addition, Plaintiff Officer had already been selected for promotion. In the Letter of Reprimand, defendant Rudolf Wilhelm Kuehne stated "If this LOR is sustained, it will be placed in an Unfavorable Information File (UIF) and will be referred for inclusion in your Officer Selection Record (OSR)." On April 7, 2022, defendant Rudolf Wilhelm Kuehne unlawfully retaliated against Plaintiff Officer for asserting his rights under the RFRA and First Amendment by removing Plaintiff Officer from the promotion list.

29. Before the issuance of the Letter of Reprimand, Plaintiff Officer served honorably for ten years and was selected for promotion, and has been awarded numerous medals and awards.

30. Plaintiff Officer maintains COVID-19 mitigation measures, including social distancing, masking, regular body temperature self-checks, and hand washing. Defendants have made np effort to test Plaintiff Officer to determine if he had ever contracted COVID-19 and/or has antibody and/or natural immunity.

31. Plaintiff Officer is a Christian with sincerely held beliefs that prohibit the use of vaccines/immunizations. As early as June 2020, prior to the mandates at issue, Plaintiff Officer requested a religious accommodation to be exempt from vaccines/immunizations.

32. Plaintiff Officer sincerely believes that receiving a vaccine that was derived from or tested on aborted fetal tissue in its development would violate their conscience and is contrary to their faith. All COVID-19 vaccines currently available were derived from or tested on

(as part of their development) aborted fetal tissue. For this reason, Plaintiff Officer is faith bound to not to receive one of the COVID-19 vaccines currently available. In accordance with Plaintiff Officer's faith, one's "body is the temple of the Holy Spirit" (1 Cor. 6:19-20), and that injection with a novel substance of unknown long-term effects would violate this belief.

33. Plaintiff Officer wants to continue military service in the Air Force, as has been done in the past ten years, and is perfectly willing to engage in such precautionary measures that are required of service members who are granted medical accommodations to the vaccine mandates, including clinical trial participants who are not required to take the vaccine. Of course, notwithstanding the category, all three groups are unvaccinated and pose the same risk metric as defined by the Air Force.

34. Plaintiff Officer faces the possibility of an Article 92 court-martial under the Uniform Code of Military Justice ("UCMJ") for failure to follow a lawful order, separation from the Air Force with a character of discharge less than Honorable, loss of benefits, future ability to hold a security clearance affecting his career and earning ability. Under the UCMJ, the maximum punishment for a violation or failure to obey lawful general order or regulation is dishonorable discharge, forfeiture of all pay and allowances, and confinement for two years. Such a conviction is a federal criminal conviction. Ironically, given the lack of due process in determining religious accommodations by the Air Force, the order that would be the subject of the Article 92 would be in fact unlawful.

**COUNT ONE**
**Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq**

35. Plaintiff incorporates herein by reference the assertions set forth in all paragraphs of this Complaint.

36. The Religious Freedom Restoration Act ("RFRA") states that the government shall not substantially burden a person's exercise of religion even by means of a rule of general applicability. 42 U.S.C. § 2000bb-1.

37. RFRA protects any exercise of religion, whether or not compelled by, or central to, a system of religious belief. 42 U.S.C. § 2000bb2(4) (citing 42 U.S.C. § 2000cc-5(7)(A)).

38. The exercise of religion involves not only belief and profession but the performance of (or abstention from) physical acts that are engaged in for religious reasons.

39. The Mandates explicitly acknowledge that RFRA protects Department of Defense and Air Force service members.

40. Plaintiff Officer sincerely believes that the exercise of their religion/faith, and religious beliefs prevents submitting to injection of any of the available COVID-19 vaccines.

41. Defendants acknowledge the sincerity and reasonableness of Plaintiff Officer's belief that the exercise of religion prevents receipt of a vaccination into his body.

42. Over 4,000 Air Force service members share Plaintiff's religious objection to being vaccinated for COVID-19 and have pursued religious exemptions.

43. The government and reviewing courts may not question whether sincerely held religious beliefs are reasonable.

44. The RFRA imposes strict scrutiny on all actions of the federal government that substantially burden a person's exercise of religion. 42 U.S.C. § 200bb-1(b).

45. A person's exercise of religion is substantially burdened whenever a measure imposes substantial pressure on an adherent to modify their behavior and to violate their beliefs.

46. The Mandates impose on Plaintiff Officer and all service members, whose exercise of their sincerely held religious beliefs and faith prevents vaccination for COVID-19, the choice of

either violating their religious beliefs and ending their career and livelihood. This includes

exposure to court martial, discharge from the Air Force and lifelong punitive measures upon

conviction.

47. Forcing the Plaintiff Officer to violate their religious beliefs or suffer consequences

under the UCMJ is a substantial burden on Plaintiff Officer's exercise of their religious belief.

The consequences will have a permanent adverse effect on the career and life of the Plaintiff

Officer, including but not limited to his ability to provide for his family.

48. Defendants have crafted a mechanism whereby the consequential adverse impacts of

declining to get the vaccine, currently being imposed *en masse* to service members in the Air

Force who have sought religious accommodations, impose substantial pressure on each religious

objector, such as the Plaintiff Officer, to get the vaccine and modify their behavior in violation of

their sincerely held religious beliefs.

49. The Mandates are subject to strict scrutiny under RFRA because they impose the

aforestated substantial burdens on the religious exercise of service members. 42 U.S.C. § 200bb-

1(b).

50. Strict scrutiny requires that, before imposing a substantial burden on a person's

exercise of religion, the government must demonstrate that application of the burden to the

person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive

means of furthering that compelling governmental interest. 42 U.S.C. § 200bb-1(b).

51. The Mandates fail strict scrutiny, both as applied to the Plaintiff Officer and facially,

as Defendants have interpreted them to disallow religious accommodation, particularly to those

service members not seeking to separate from the Air Force.

52. Defendants must establish that they have a compelling governmental interest in

10

denying a religious accommodation to Plaintiff Officer in particular. Defendants do not have a compelling governmental interest in requiring Plaintiff to receive a COVID-19 vaccine.

53. Defendants may not rely on generalized or broadly formulated interests to justify requiring Plaintiff or any service member to receive the COVID-19 vaccine in violation sincerely held religious beliefs. With rare exception under circumstances unknow, the Air Force has *de facto* adopted a policy that denies all requests for accommodations based on sincerely held religious beliefs.

54. RFRA requires that Defendants grant religious accommodation in every case where denying one does not pass strict scrutiny.

55. To enforce a law without any religious accommodations, Defendants must establish that denying every possible religious accommodation passes strict scrutiny.

56. Defendants cannot establish a compelling interest in denying every religious accommodation to the Mandates.

57. There can be no compelling interest justifying substantially burdening religious practice when a government measure leaves appreciable damage to that supposedly vital interest unprohibited.

58. Defendants have granted thousands of accommodations for medical and administrative reasons.

59. Allowance of accommodations for reasons other than religious ones demonstrates that Defendants can tolerate the risk posed by some service members remaining unvaccinated.

60. Defendants' delay in imposing the Mandates also belies any claim that the interest in enforcing them is compelling.

61. The Mandates were issued months after vaccines became available and months

after the Department of Justice formally advised that government entities could impose

mandatory vaccination requirements. U.S. Dep't of Justice, Office of Legal Counsel, "Whether

Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a

Vaccine Subject to an Emergency Use Authorization," July 6, 2021 (slip op.),

https://www.justice.gov/olc/file/1415446/download.

62. In the months since vaccinations were introduced, risk of transmission among

service members have greatly decreased due to voluntary vaccination and infection rates. Any

compelling interest in mandating vaccination has decreased accordingly.

63. Defendants have not and cannot establish a compelling interest in a military or

Air Force-wide policy of denying religious accommodations to the Mandates, because the RFRA

requires that Defendants show a compelling interest to refuse each individual's accommodation

in particular, and because Defendants delayed the Mandates for months and then granted

accommodations for other reasons.

64. The least-restrictive-means standard is exceptionally demanding in that it requires

the government to show it lacks other means of achieving its desired goal.

65. So long as the government can achieve its interests in a manner that does not

burden religion, it must do so.

66. This standard requires Defendants to show that measures less restrictive of the

First Amendment activity could not address its interest in reducing the spread of COVID.

67. Requiring Plaintiff Officer to be vaccinated notwithstanding sincerely held religious

beliefs is not the least restrictive means Defendants could have employed to serve any

compelling interest.

12

68. Plaintiff Officer has worked successfully for the Air Force, including overseas deployment, fulfilling job responsibilities completely, throughout the pandemic, including while vaccines have been available.

69. Defendants' denial of Plaintiff Officer's religious accommodation provides no explanation of why Plaintiff cannot continue to fulfill their duties in many of the ways and mitigation measures implemented during the height of the pandemic.

70. Defendants have not shown that accommodating Plaintiff Officer remaining unvaccinated would increase their costs in any degree, given the continued presence of medically accommodated unvaccinated service members and the exemption for clinical-trial participants.

71. Approximately 200,000 civilians work for the Air Force. The Air Force has no data on the number of Air Force civilians who are vaccinated. Yet these civilian Air Force employees continue to work alongside their uniformed teammates.

72. In the Plaintiff Officer's workspace, no mitigation measures, such as mask wearing, body temperature checks, social distancing, screening and COVID-19 testing of the unvaccinated, are followed.

73. Defendants have not shown that accommodating Plaintiff Officer remaining unvaccinated would increase their costs in any degree, given the continued presence of medically accommodated unvaccinated service members and the exemption for clinical-trial participants.

74. Accommodations have little or no marginal cost, mandating that Plaintiff Officer be vaccinated cannot be the least restrictive means of preventing the spread of COVID-19.

75. Defendants, through the Mandates and systemic denial of requests for religious accommodations, have advocated that universal vaccination—except for medical and administrative accommodation and exemption for clinical trial participation—is the least

13

restrictive way of pursuing their interests. That requires demonstrating why other paths to the same goal are inferior, which Defendants cannot do – particularly since vaccinated service members have tested positive for COVID-19, and the lack of adherence to mitigation measures in Plaintiff Officer's workspace.

76. The denial of all service members' religious accommodations is not the least restrictive means to serve Defendants' interests.

77. The almost universal denial of religious accommodations invites the nearly simultaneous separation of thousands of service members including more than 4,000 service members from the Air Force alone and suggests an impermissible hostility to religion. The effect on retention and recruitment is staggering.

78. In denying Plaintiff Officer's religious accommodation, Defendants claimed to be serving the interests of "military readiness, unit cohesion, good order, and discipline." These are not sufficiently compelling interests to satisfy strict scrutiny.

79. To survive strict scrutiny, Defendants must show that separating thousands of religious objectors from the military, with concomitant loss of trained personnel and enormous administrative burden, better serves Defendants' interests than accommodating these same service members as unvaccinated service members.

80. Defendants' policy of denying religious accommodation requests no matter the circumstances is vastly out of step with policies in the rest of the country, including in the countless workplaces across the country that currently provide religious accommodations without any evidence of causing harm.

81. Defendants cannot establish that the Mandates are the least restrictive means of pursuing a compelling interest.

14

WHEREFORE, Defendants' vaccine mandates violate Plaintiff Officer's rights and the rights of fellow service members under RFRA.

> A. Because of Defendants' policy and actions, Plaintiff Officer has suffered irreparable harm and has suffered and/or will suffer economic injury. Plaintiff is entitled to an award of monetary damages and equitable relief.
>
> B.  Plaintiff Officer is entitled to a declaration that Defendants violated Plaintiff Officer's rights under RFRA to the free exercise of religion and an order restraining and enjoining Defendants from denying Plaintiff Officer's requests for religious accommodation, from forcing Plaintiff Officer to separate from the military, and from taking any other adverse action against Plaintiff, based on Plaintiff Officer's unvaccinated status.
>
> C. Plaintiff Officer is entitled to damages in the amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## COUNT TWO
### Violation of the Free Exercise Clause of the First Amendment
### U.S. Const. amend. I

82. Plaintiff Officer incorporates herein by reference the assertions set forth in all paragraphs of this Complaint.

83. Plaintiff Officer sincerely believes that the exercise of their religion prohibits submitting to an injection of any vaccines.

84. Defendants acknowledges the sincerity of Plaintiff Officer's belief and that the exercise of religious beliefs prevents Plaintiff Officer from receiving vaccinations.

15

85. Thousands of service members share Plaintiff Officer's religious objection to being vaccinated.

86. The government and reviewing courts may not question whether sincerely held religious beliefs are reasonable.

87. The First Amendment's Free Exercise Clause prohibits the government from enacting laws burdening religious exercise that are not both neutral and generally applicable, unless they are narrowly tailored to a compelling a governmental interest.

88. A law that is not neutral or not generally applicable and burdens religious exercise must satisfy strict scrutiny.

89. The Mandates are not generally applicable.

90. A law is not generally applicable if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way.

91. The Mandates allow service members to remain unvaccinated for medical and administrative reasons or if they participate in a clinical trial while disallowing service members from refraining for religious reasons.

92. Even assuming Plaintiff Officer poses a risk, any risk posed would be no greater than the risk posed by other accommodated personnel.

93. Since Defendants accept a risk from people who are unvaccinated for secular reasons but not from people with religious reasons, the Mandates are not generally applicable.

94. Where a law includes a system of individualized accommodations based on particular circumstances, the government may not refuse to grant accommodations on the basis of religious hardship.

95. The Mandates invite service members to apply for accommodations from the

16

vaccine mandate on the basis of several individualized situations, including religious belief.

96. Defendants have shown that accommodations based on medical and administrative circumstances and exemptions for clinical-trial participation are available, but they intend to deny applications for religious accommodations based on sincerely held religious beliefs.

97. Defendants have granted thousands of medical accommodations and thousands of administrative accommodations.

98. Defendants have granted minimal religious accommodations at a percentage that is tantamount to blanket denial.

99. A mandate to which commanding officers grant accommodations for other reasons but not on the basis of religious belief is not generally applicable.

100. A law that is not neutral or not generally applicable and burdens religious exercise must satisfy strict scrutiny.

101. The Mandates fail strict scrutiny, both as applied to Plaintiff Officer and as applied to other service members who have sought religious accommodations based upon sincerely held religious beliefs.

102. Defendants may not rely on generalized or broadly formulated interests to justify requiring Plaintiff Officer or any service member to receive the COVID-19 vaccine or any other vaccine in violation of sincerely held religious beliefs.

103. Defendants must establish that they have a compelling governmental interest in denying an accommodation to Plaintiff Officer in particular.

104. Defendants do not have a compelling governmental interest in requiring Plaintiff Officer to receive a vaccine.

105. Defendants' October 2021 and December 2021 letters denying Plaintiff Officer a religious accommodation to the Mandates cited only generalized interests, present in every case, of "military readiness, unit cohesion, good order, and discipline."

106. The October 2021 and December 2021 letters offer no consideration of Plaintiff Officer's particular circumstances. This is insufficient to establish a compelling governmental interest in requiring Plaintiff to receive a vaccine.

107. Plaintiff Officer has been deployed and fulfilled all responsibilities as an Air Force Officer, before and during the pandemic, without jeopardizing the mission, putting others at risk, or getting sick, all the while being unvaccinated.

108. Defendants cannot rely on generalized statements of interest to justify denying Plaintiff Officer an accommodation, and they can identify nothing to support a compelling interest in denying Plaintiff Officer in particular an accommodation.

109. Defendants cannot establish a compelling interest in denying effectively all religious accommodations to the Mandates.

110. Defendants have granted thousands of accommodations to the Mandates for administrative and medical reasons.

111. Allowance of exceptions for other reasons demonstrates that Defendants can tolerate the risk posed by some service members remaining unvaccinated for secular reasons.

112. Defendants cannot simultaneously claim they have a compelling interest in denying the same accommodation, the only difference is that the accommodation is being sought because of sincerely held religious beliefs.

113. Defendants' delay in imposing the Mandates also belies any claim that the interest in their enforcement is compelling.

114. The Mandates were issued months after vaccines became available and months after the Department of Justice formally advised that government entities could impose mandatory vaccination requirements. U.S. Dep't of Justice, Office of Legal Counsel, "Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization," July 6, 2021 (slip op.), https://www.justice.gov/olc/file/1415446/download.

115. In the months since vaccinations were introduced, the risk of transmission among service members have greatly decreased due to voluntary vaccination and infection rates. Any compelling interest in mandating vaccination has decreased significantly.

116. Defendants have not and cannot establish a compelling interest in a military or Air Force-wide policy of denying religious accommodations to the Mandates, because of delaying the Mandates for months and granting accommodations for secular, but not religious, reasons both demonstrate that the Mandates do not serve a truly compelling governmental interest.

117. The least-restrictive-means standard is exceptionally demanding in that it requires the government to show it lacks other means of achieving its desired goal.

118. So long as the government can achieve its interests in a manner that does not burden religion, it must do so.

119. This standard requires Defendants to show that measures less restrictive of the First Amendment activity could not address its interest in reducing the spread of COVID-19.

120. Requiring Plaintiff Officer to be vaccinated is not the least restrictive means Defendants could have employed to serve any compelling interest.

121. Plaintiff Officer has worked for the Air Force diligently, executing responsibilities

completely, throughout the pandemic and before, including while vaccines have been available.

122. Defendants' denial of Plaintiff Officer's religious accommodation provides no explanation of why Plaintiff Officer cannot continue to fulfill all duties in many of the ways implemented during the height of the pandemic.

123. Defendants do not and cannot explain why Plaintiff Officer's work cannot be accommodated with the use of distancing measures, masking, hygiene requirements, and regular testing, while those with medical and administrative accommodations and clinical-trial participants are permitted to work with such measures in place.

124. At present, no mitigation measures are required at Plaintiff Officer's assigned work area.

125. Defendants have not shown that accommodating Plaintiff Officer remaining unvaccinated would increase their costs in any degree, given the allowance for medical and administrative accommodations and exemptions for clinical-trial participants.

126. If accommodations have little or no marginal cost, mandating that Plaintiff Officer be vaccinated cannot be the least restrictive means of preventing the spread of COVID-19 or any other virus.

127. At the very least, Defendants have an obligation to demonstrate why universal vaccination, excepting medical and administrative accommodation and exemption for clinical trials participation, and denying accommodations for sincerely held religious beliefs, is the least restrictive way of pursuing their interests. That requires demonstrating why other paths to the same goal are inferior, which Defendants cannot do.

128. Wholesale denial of religious accommodations invites the nearly simultaneous separation of thousands of service members including over 4,000 service members from the

Air Force alone and suggests an impermissible hostility to religion.

129. In denying Plaintiff Officer's religious accommodation, Defendants claimed to be serving the interests of "military readiness, unit cohesion, good order, and discipline." These are not sufficiently compelling interests to satisfy strict scrutiny.

130. To survive strict scrutiny, Defendants must show that separating the thousands of Warfighters who have sincerely held religious beliefs against the introduction of vaccines into their corpus, from the military, with concomitant loss of trained personnel and enormous administrative burden, better serves the military's interests than accommodating these same service members as unvaccinated service members.

131. Accommodating Plaintiff Officer's continued service has little or no marginal financial cost or operational impediment to Defendants.

132. A blanket policy of denying religious accommodations and ending the careers of thousands of service members, including over 4,000 Air Force service members alone, cannot credibly be described as the least restrictive means of serving the interests Defendants have identified.

133. To identify whether Defendants have employed the least restrictive means, courts look to whether other jurisdictions have addressed the same interests in less restrictive ways.

134. Defendants' policy of wholesale denial of religious accommodation requests no matter the circumstances is vastly out of step with policies in the rest of the country, including in the countless workplaces across the country that currently provide religious accommodations without any evidence of the accommodation causing harm.

135. Defendants cannot establish that the Mandates are the least restrictive means of pursuing a compelling interest.

21

WHEREFORE Defendants' vaccine mandates violate Plaintiff Officer's rights and the rights of fellow service members under the First Amendment to the United States Constitution.

A. Because of Defendants' policy and actions, Plaintiff Officer has suffered irreparable harm and has suffered and/or will suffer economic injury. Plaintiff is entitled to an award of monetary damages and equitable relief.

B. Plaintiff Officer is entitled to a declaration that Defendants violated Plaintiff Officer's rights under the First Amendment to the free exercise of religion and an order restraining and enjoining Defendants from denying Plaintiff Officer's requests for religious accommodation, from forcing Plaintiff Officer to retire or separate from the military, removal from the promotion list and from taking any other adverse action against Plaintiff Officer based on being unvaccinated due to sincerely held religious beliefs.

C. Additionally, Plaintiff Officer is entitled to damages in the amount to be determined by the evidence and this Court.

### THIRD CAUSE OF ACTION
### Violation of the Administrative Procedure Act, 5 U.S.C. §§ 551, 701-06

136. Plaintiff Officer incorporates herein by reference the assertions set forth in all paragraphs of this Complaint.

137. Under the Administrative Procedure Act ("APA"), a court shall "hold unlawful and set aside" any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D).

138. The Department of Defense and the branches of the military, including the Air Force, Navy, Army, and Marines are "agencies" under the APA. 5 U.S.C. § 551(1).

22

139. The Mandates are each a "rule" under the APA reviewable under the APA. 5 U.S.C. § 551(4).

140. Defendants' wrongful actions are "agency actions" reviewable under the APA. 5 U.S.C. §§ 551(13), 704.

141. The Court should hold unlawful and set aside the Mandates, because they are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and without observance of procedure required by law.

142. Defendants have violated Plaintiff Officer's rights under the APA.

WHEREFORE, the Defendants' vaccine mandates violate the APA.

A. Because of Defendants' policy and actions, Plaintiff Officer has suffered irreparable harm and has suffered and/or will suffer economic injury. Plaintiff Officer is entitled to an award of monetary damages and equitable relief.

B. Plaintiff Officer is entitled to damages in the amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## COUNT FOUR
### Retaliation
### Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq

144. Plaintiff Officer incorporates herein by reference the assertions set forth in all paragraphs of this Complaint.

145. On April 7, 2022, defendant Rudolf Wilhelm Kuehne submitted a record of Promotion Propriety Action, removing Plaintiff Officer from the promotion list.

146. Defendant Rudolf Wilhelm Kuehne took this action solely because Plaintiff Officer persisted in his claim and pursuit for an accommodation based upon a sincerely held religious belief.

147. Defendant Rudolf Wilhelm Kuehne is the commanding officer that denied Plaintiff Officer's request for a religious accommodation to remain unvaccinated. In response to Plaintiff Officer adhering to their religious beliefs after denial of an accommodation by Defendants, defendant Rudolf Wilhelm Kuehne took retaliatory action against the Plaintiff Officer.

148. At the time of the retaliation, Defendants were aware that at least two federal district courts had issued preliminary injunctions enjoining the Air Force from taking any action against service members based on their vaccine refusal after Defendants denied their request for an accommodation based upon sincerely held religious beliefs.

WHEREFORE, Defendants' removal of Plaintiff Officer from the promotion list constitutes retaliation under the Religious Freedom Restoration Act.

A. Because of Defendants' retaliatory actions, Plaintiff Officer has suffered irreparable harm and has suffered and/or will suffer economic injury. Plaintiff Officer is entitled to an award of monetary damages and equitable relief.

B. Plaintiff Officer is entitled to a declaration that Defendants violated Plaintiff Officer's rights under the RFRA to the free exercise of religion, and the right to pursue claims of discrimination without fear of retaliation, and an order restraining and enjoining Defendants from denying Plaintiff Officer's earned promotion and from taking any other adverse action against Plaintiff Officer, based on Plaintiff Officer's unvaccinated status and pursuit of a religious accommodation.

24

C. Plaintiff Officer is entitled to damages in the amount to be determined by the

evidence and this Court and the reasonable costs of this lawsuit, including

reasonable attorneys' fees.

## COUNT FIVE
### (Equal Protection & Due Process — Fifth Amendment)

149. Plaintiff Officer incorporates herein by reference the assertions outlined in all

paragraphs of this Complaint.

150. Defendants' adverse treatment of Plaintiff Officer's request for religious

accommodation, deprives the Plaintiff Officer's right to equal protection of the law and due

process as guaranteed under the Fifth Amendment of the United States Constitution.

151. The Defendants process for determining whether to grant a religious accommodation

for a sincerely held religious belief is both procedurally and substantively flawed, resulting in a

denial of rights and privileges protected under the Fifth Amendment.

152. The Defendants advertise that Plaintiff Officer's request for a religious

accommodation was individually reviewed by Religious Resolution Teams ("RRT") at the wing,

garrison, major command and field command levels, made up of chaplains, medical providers,

judge advocates, and other subject matter experts. The RRT allegedly made a recommendation

on determining the least restrictive means possible to accommodate a sincerely held belief

without putting mission accomplishment at risk. None of these recommendations were made

known to the Plaintiff Officer.

153. Under Secretary of the Air Force, Gina Ortiz Jones stated on December 22, 2021,

that "Each member's request is carefully considered to balance the government's compelling

interest in mission accomplishment with the service member's sincerely held belief." "Although

the chaplain may advise the member's belief is sincere, MAJCOM and FLDCOM commanders

have to balance that member's interests against the overall impact on operational readiness, health and safety of members and good order and discipline within the unit."

154. On December 22, 2021, the Defendants further stated, "Based on the number of disapproved accommodation requests at this point, Airmen and Guardians are encouraged to consider that operational requirements could result in requests for religious accommodations being denied."

155. Plaintiff Officer was not provided with a record of the review, nor the opinions and identities of the chaplains, medical providers, judge advocates, and "other subject matter experts" that reviewed his request for a religious accommodation.

156. The RRT process for reviewing and making recommendations with respect to requests for religious accommodations based on sincerely held religious beliefs does not meet constitutional standards as it fails to be conducted in an impartial manner, Plaintiff Officer did not have the right to present evidence and argument orally or the chance to examine all materials that would be relied on or to confront and cross-examine adverse witnesses, nor was the recommendation limited to the record made and explained in an opinion.

WHEREFORE, Defendants' process for determining whether to grant religious accommodations for sincerely held religious beliefs fails to meet constitutional requirements

      A. Because of Defendants' unconstitutional process, Plaintiff Officer has suffered irreparable harm and has suffered and/or will suffer economic injury. Plaintiff Officer is entitled to an award of monetary damages and equitable relief.

      B.  Plaintiff Officer is entitled to a declaration that Defendants violated Plaintiff Officer's rights under the Fifth Amendment to the United States Constitution and an order restraining and enjoining Defendants from denying Plaintiff Officer's

earned promotion and from taking any other adverse action (other than deployment, assignment, and other operational decisions as was determined by the United States Supreme Court grant of a partial stay in the case of *Austin v. U.S. Navy Seals 1-26*) against Plaintiff Officer, based on Plaintiff Officer's unvaccinated status and pursuit of a religious accommodation based upon a sincerely held religious belief.

C. Plaintiff Officer is entitled to damages in the amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants and provide Plaintiff Officer with the following relief:

1. a declaratory judgment that the vaccine mandates violate Plaintiff's rights under the First Amendment to the United States Constitution.

2. a declaratory judgment that the vaccine mandates violate Plaintiff's rights under the Religious Freedom Restoration Act.

3. a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendants, their agents, officials, servants, employees, and any other persons acting in concert with them from enforcing the vaccine mandates challenged in this Complaint and directing such other, and further relief as requested in the motion for a temporary restraining order and preliminary injunction filed concurrently herewith.

4. an order declaring unlawful and setting aside the vaccine mandates challenged in this Complaint.

Respectfully submitted,

/s/   Jeremy H. Gonzalez Ibrahim

DATE:May 4, 2022                    Jeremy H. Gonzalez Ibrahim (PA Bar No: 53019)
                                    Of Counsel, Poblete Tamargo, LLC
                                    510 King Street, Suite 340
                                    Alexandria, VA 20036
                                    703−566−3037


                                    /s/   Jason I. Poblete
                                    Jason I. Poblete (DC Bar No: 500414)
                                    Global Liberty Alliance
                                    510 King Street, Suite 340
                                    Alexandria, VA 20036
                                    703−566−3041


                                    /s/   Mauricio Tamargo
                                    Mauricio Tamargo (DC Bar No: 469839)
                                    *Pending admission to D.D.C.*
                                    Global Liberty Alliance
                                    510 King Street Suite 340
                                    Alexandria, VA 20036
                                    703−566−3041