IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AIR FORCE OFFICER | : | |
|       Plaintiff | : | Case No.: 22-cv-1267 BAH |
| v. | : | |
| | : | |
| LLOYD J. AUSTIN, III, in his | : | |
| official capacity as Secretary of Defense; | : | |
| FRANK KENDALL, III, in his | : | |
| official capacity as Secretary of the Air Force; | : | |
| ROBERT I. MILLER, in his | : | |
| official capacity as Surgeon General of the | : | |
| Air Force, and | : | |
| RUDOLF WILHELM KUEHNE, JR. | : | |
| in his official capacity as Commander, | : | |
| Air Force Flight Standards Agency | : | |
| | : | |
|       Defendants | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Federal Rule of Civil Procedure 10(a) generally requires the title of any Complaint to name all parties. The party seeking to proceed by way of a pseudonym bears the burden of identifying the adverse consequences that may occur if they were to be denied the request. In re Sealed Case, 971 F.3d 324, 326-27 (D.C. Cir. 2020). The DC District Court Local Rules also require that the "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. If the party does not wish to appear on the public docket, it shall omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party." LCvRs 5.1(c)(1). This action is against a governmental party, and all defendants are sued solely in their official capacity, thus there is no risk of unfairness by permitting the plaintiff to proceed anonymously. Kiakombua v. McAleenan, No. 19-cv-1872 (KBJ), 2019 U.S. Dist. LEXIS 237747, at *12 (D.D.C. July 3, 2019). Courts may be more inclined to permit pseudonymous suits by plaintiffs

1

when the government is the defendant or when the plaintiff is a minor. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). The D.C. Circuit Court of Appeals has permitted pseudonymous litigation to proceed without comment on occasion. *See, e.g.,* Roe v. Wade, 410 U.S. 113 (1973); Doe v. Sullivan, 938 F.2d 1370, 1374 (D.C. Cir. 1991). The age of the internet and search engines have made court filings easily accessible, thereby supporting the need for cases such as plaintiffs to proceed under pseudonym. *See* Jayne S. Ressler, Privacy, Plaintiffs and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age, 53 Kan. L. Rev 195 (2005) (supports the argument that the digital age and electronic access of court information support greater use of pseudonyms).

Plaintiff serves as an active duty service member. The issues raised in the Complaint are matters related to sensitive, intimate and personal to the plaintiff. Disclosure of plaintiff's identity will likely lead both plaintiff and plaintiff's family to face rebuke from their community, civilian and military. Plaintiff's religious beliefs may incite others to retaliate against plaintiff and his family that will cause physical or mental harm. Indeed, the courts have consistently permitted active duty service member plaintiffs to proceed using pseudonyms in cases challenging the military vaccine mandates under the Religious Freedom Restoration Act, First Amendment, and Fifth Amendment. *See* Navy Seal 1, *et al.* v. Austin, *et al*., Case 1:22-cv-00688-CKK (D.C.D.) (2022); Air Force Officer v. Austin, *et al*., Case 5:22-cv-00009-TES (M.D. Ga.) (2022); U.S. NAVY SEALs 1–26, *et al.* v. Austin, *et al*., Case 4:21-cv-01236-O (N.D.Tx.) (2022). Lastly, as plead in the Complaint, plaintiff has already suffered retaliation by being removed from a promotion list because of plaintiff's refusal to get vaccinated based upon a sincerely held religious belief.

For all of the aforstated reasons, Plaintiff Officer has a substantial privacy right that can

only be preserved by proceeding anonymously. The Court should grant Plaintiff Officer leave to proceed anonymously.

                                        Respectfully submitted,

                                        /s/_____

DATE: May 4, 2022                     Jeremy H. Gonzalez Ibrahim
                                        (PA Bar No: PA53019)
                                        Of Counsel, Poblete Tamargo, LLC
                                        510 King Street, Suite 340
                                        Alexandria, VA 20036
                                        jibrahim@pobletetamargo.com
                                        703−566−3037

                                        /s/_____
                                        Jason I. Poblete
                                        (DC Bar No.: 50414)
                                        Global Liberty Alliance
                                        510 King Street, Suite 340
                                        Alexandria, VA 20036
                                        jpoblete@globallibertyalliance.org
                                        703−566−3037

                                        /s/_____
                                        Mauricio Tamargo (DC Bar No.: 469839)
                                        *pending admission D.D.C.*
                                        Global Liberty Alliance
                                        510 King Street, Suite 340
                                        Alexandria, VA 20036
                                        mtamargo@globallibertyalliance.org
                                        703−566−3037