IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAPTAIN DANIEL KNICK | : | |
|                 Plaintiff | : | Case No.: 22-cv-1267 BAH |
| v. | : | |
| | : | |
| LLOYD J. AUSTIN, III, in his | : | |
| official capacity as Secretary of Defense; | : | |
| FRANK KENDALL, III, in his | : | |
| official capacity as Secretary of the Air Force; | : | |
| ROBERT I. MILLER, in his | : | |
| official capacity as Surgeon General of the | : | |
| Air Force, and | : | |
| RUDOLF WILHELM KUEHNE, JR. | : | |
| in his official capacity as Commander, | : | |
| Air Force Flight Standards Agency | : | |
| | : | |
|                 Defendants | : | |

**PLAINTIFF'S STATEMENT ON POSITION WHETHER CASE SHOULD BE TRANSFERRED TO THE CALENDER AND CASE MANAGEMENT COMMITTEE PURSUANT TO LCvR 40.5(c)(2), FOR POTENTIAL REASSIGNMENT TO JUDGE KOLLAR-KOTELLY**

**COMES NOW,** the plaintiff Air Force Officer, Daniel Knick, by and through counsel, Jeremy H. Gonzalez Ibrahim, Jason I. Poblete, and Mauricio Tamargo, and respectfully submits the below response to the Order of this Honorable Court issued on May 16, 2022.

1. The defendants have submitted a Notice of Related Cases [D.I. 13] which asserts "Defendants provide notice that the above captioned case is *related* to the following active cases in this district which involve service member challenges to the Department of Defense COVID-19 vaccination requirement under the Religious Freedom Restoration Act and First Amendment to the Constitution."[1] (emphasis added). No further basis/justification for this conclusion is offered.

---

[1] Defendants also state in the same filing "Defendants do not take a position on related case designation or transfer of the instant case, . . ."

1

2. In the Notice referenced above, the defendants have cited three cases, two of which "were assigned to the same district judge" as a previously assigned case. Apparently from the Notice, the three cited cases involve the Religious Freedom Restoration Act and the First Amendment. Plaintiff is not a party to either of those cases, and the defendants in the other cases vary with one another, as well as with the plaintiff's lawsuit.

3. In sum, plaintiff Daniel Knick has alleged that the defendants have failed to account for federal law, *i.e.*, the Religious Freedom Restoration Act ("RFRA"), the Free Exercise Clause of the First Amendment, adherence to the Administrative Procedure Act ("APA"), and the Equal Protection & Due Process Clause of the Fifth Amendment. Plaintiff has also pled a claim of retaliation by the defendants in response to plaintiff's pursuit of his rights under the RFRA. This lawsuit is not about a COVID-19 vaccine. It is about the law and the failure of the defendants to follow the law in implementing the direction of the Commander-in-Chief, in accordance with the law as legislated by Congress, and the Constitution as interpreted by the Supreme Court. Plaintiff's Complaint [D.I. 5], Motion for a Temporary restraining Order and Preliminary Injunction with Exhibits [D.I. 8, 8-3 through 8-9] define plaintiff's claims. The defendants are parties in some or all of the cases cited by the defendants in the Notice of Related Cases, whereas the plaintiff is not involved in any. The burden to prove relatedness ought to be on the party promoting it.

4. Naturally, all lawsuits based upon the Constitution and federal law will inevitably have the same elements of proof, and plaintiff's bringing these cases will offer the same or similar facts. Hence it is plausible to say that all service members bringing cases challenging the various branches adherence to the RFRA, APA, or constitutional claims, have "related" cases.

5. In determining what constitutes a "related case' the form provided by the Clerk's

Office has promulgated CO-932 (Rev. 4/96) which defines a related case, *inter alia*, as one that "involves common issues of fact." The issue(s) of fact as relates to plaintiff Daniel Knick is patently different than that of any of the cases cited by the defendants currently before the Honorable Colleen Kollar-Kottely. None of the cases involve the United States Air Force, the named defendants are varied and assorted, and the circumstances pled in plaintiff's Complaint are unique. Indeed, if the cases cited by the defendants in the Notice are "related' – the defendants should have noticed this District Court of pending/ongoing litigation in other federal courts that are "related" thereby requiring the cases in this district to be transferred to the federal districts where filings pre-dated the cases in this district. *See* Utahamerican Energy, Inc. v. Dep't of Labor, 685 F.3d 1118, 1124 (D.C. Cir. 2012) *citing* W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730, 732 (5th Cir.1985) "(vacating an injunction when the district court "should have stayed, dismissed, or transferred [the plaintiff's] action" because a ***related*** case was already pending in another federal court)." (emphasis added).[2] The Circuit Court in Utahamerican went on to hold that ""The usual "rule in this circuit has been that '[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'" Id. *citing* Wash. Metro. Area Transit Auth. v. Ragonese, 617 F.2d 828, 830 (D.C.Cir.1980). There are at least two related cases involving the Air Force who's filing well predate plaintiff's Complaint.[3] Should the Court rule, as the defendants advocate, that plaintiff's

---

[2] The defendants have noted in the filed Notice of Related Cases in fn. 1 "There are numerous additional cases outside this district involving service member challenges to the Department of Defense COVID-19 vaccination requirement on religious grounds which Defendants plan to address in future briefings."

[3] Air Force Officer v. Austin, et al.  Case No. 5:22-cv-00009-TES (M.D. Ga.) and Doster et al v. Kendall et al. Case No. 22-cv-00084-MWM (S.D. Ohio).

Complaint is related to the three cases cited in their Notice for the reasons stated ("the above captioned case is related to the following active cases in this district which involve service member challenges to the Department of Defense COVID-19 vaccination requirement under the Religious Freedom Restoration Act and First Amendment to the Constitution."), then, as a related case for those reasons, this Court should transfer plaintiff's case to the Middle District of Georgia (plaintiff would consent), pursuant to 28 U.S.C. 1404(a).

While not calling the "numerous additional cases" *related* – it is difficult to discern the metrics used by the defendants in labeling plaintiff's Complaint "related" without an explanation as to how it *compares* to the cases cited in the Notice. And of course, how the cases in this district *differ* from the additional cases referenced in fn. 1 of the Notice of Related Cases, and from the cases cited herein at footnote 3.

WHEREFORE, for the reasons set forth above, plaintiff submits that the captioned case is un-related to the cases cited in defendants Notice of Related Cases and therefore not subject to reassignment pursuant to Local Rule of Civil Procedure 40.5(c)(2). In the alternative, in the event the Court determines that the case is related, then transfer to the Middle District of Georgia is respectfully requested.

                                                  Respectfully submitted,

DATE: May 19, 2022

/s/ Jeremy H. Gonzalez Ibrahim
Jeremy H. Gonzalez Ibrahim
(PA Bar No: PA53019)
Of Counsel, Poblete Tamargo, LLC
510 King Street, Suite 340
Alexandria, VA 20036
jibrahim@pobletetamargo.com
703−566−3037

/s/ Jason I. Poblete
Jason I. Poblete
(DC Bar No.: 500414)
Global Liberty Alliance
510 King Street, Suite 340
Alexandria, VA 20036
jpoblete@globallibertyalliance.org
703−566−3041


/s/ Mauricio Tamargo
Mauricio Tamargo
(DC Bar No.: 469839)
pending admission D.D.C.
Global Liberty Alliance
510 King Street, Suite 340
Alexandria, VA 20036
mtamargo@globallibertyalliance.org
703−566−3041