IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAPTAIN DANIEL KNICK | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| LLOYD J. AUSTIN, III, in his | : | Case No: 22-cv-1267 BAH |
| official capacity as Secretary of Defense; | : | |
| FRANK KENDALL, III, in his | : | |
| official capacity as Secretary of the Air Force; | : | |
| ROBERT I. MILLER, in his | : | |
| official capacity as Surgeon General of the | : | |
| Air Force, and | : | |
| RUDOLF WILHELM KUEHNE, JR. | : | |
| in his official capacity as Commander, | : | |
| Air Force Flight Standards Agency | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

**PLAINTIFF'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1404(a)**

**COMES NOW,** the plaintiff Air Force Officer, Daniel Knick, by and through counsel, Jeremy H. Gonzalez Ibrahim, Jason I. Poblete, and Mauricio J. Tamargo, and respectfully requests that this Honorable Court transfer the captioned case to the Middle District of Georgia pursuant to 28 U.S.C. §1404(a) for the following reasons:

1. On May 16, 2022, the Court issued the following: "MINUTE ORDER (paperless) DIRECTING plaintiff, in light of the [13] Notice of Related Cases filed by defendants, to file, by May 19, 2022, at 2:00 PM, a statement of his position as to whether this case should be transferred to the Calendar and Case Management Committee, pursuant to LCvR 40.5(c)(2), for potential reassignment to Judge Kollar-Kotelly, due to the overlap in subject matter between this case and to the cases identified in the Notice."

2. The Minute Order was stimulated by the Notice of Related Cases filed by the

1

defendants [D.I. 13], which cited the following cases: Church v. Biden, No. 21-cv-2815 (D.D.C. 2021) (CKK); Navy SEAL 1-4 v. Austin, No. 22-cv-688 (D.D.C. 2022) (CKK); and Creaghan v. Austin, No. 22-cv-981 (D.D.C. 2022) (CKK).

3. In the plaintiff's response to the Minute Order, the plaintiff steadfastly maintained that the cases were unrelated for a number of reasons. [D.I. 15]. In the Court's Memorandum denying injunctive relief, the Court acknowledges these reasons [D.I. 20 at fn. 5].

4. The Court's finding in the Memorandum denying injunctive relief, in regard to the cases cited in the Notice of Related cases, stated that "The Court finds the analysis set out in the Prior Opinions to be thorough and persuasive and adopts these opinions' reasoning here. Accordingly, it is not necessary to laboriously "reinvent the wheel" here for a case that presents the same central questions, except to the limited extent plaintiff presents new arguments." (Id. at pp. 4-5). Plaintiff asserts that this finding ruled that plaintiff's case was related to the three cases in the district cited in the Notice of Related Cases.

5. In plaintiff's response to the Minute Order, plaintiff requested that should the Court rule that the cases were related, transfer to the Middle District of Georgia was respectfully requested.[1] This request was made prior to the Court's ruling denying injunctive relief.

---

[1] "Indeed, if the cases cited by the defendants in the Notice are "related' – the defendants should have noticed this District Court of pending/ongoing litigation in other federal courts that are "related" thereby requiring the cases in this district to be transferred to the federal districts where filings pre-dated the cases in this district. See Utahamerican Energy, Inc. v. Dep't of Labor, 685 F.3d 1118, 1124 (D.C. Cir. 2012) citing W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730, 732 (5th Cir.1985) "(vacating an injunction when the district court "should have stayed, dismissed, or transferred [the plaintiff's] action" because a related case was already pending in another federal court)." (emphasis added). The Circuit Court in Utahamerican went on to hold that ""The usual "rule in this circuit has been that '[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'" Id. citing Wash. Metro. Area Transit Auth. v. Ragonese, 617 F.2d 828, 830 (D.C.Cir.1980). There are at least two related cases involving the Air Force who's filing well predate plaintiff's Complaint.3 Should the

6. Given the issue of relatedness as it exists, plaintiff submits that it is both prudent and necessary to renew the request for transfer and does so herein.

7. The case of <u>Air Force Officer v. Austin, et al</u>. Case No. 5:22-cv-00009-TES (M.D. Ga.), predates the plaintiff's filing, and involves a servicemember with the United States Air Force. The three defendants in this case are Austin, Miller, and Kendall, the same as plaintiff's filing (plaintiff has an additional defendant, but all are sued in their official capacity only).

8. The federal court in the Middle District of Georgia has already exercised subject matter and personal jurisdiction over defendants Austin, Miller and Kendall. The forum is convenient to the defendants, particularly as the defendants already have active defense counsel in play in that district.

WHEREFORE, for the reasons set forth above, plaintiff respectfully renews his request that the case be transferred to the Middle District of Georgia.

Respectfully submitted,

DATE: *June 16, 2022*

/s/ Jeremy H. Gonzalez Ibrahim
Jeremy H. Gonzalez Ibrahim
(PA Bar No: PA53019)
Of Counsel, Poblete Tamargo, LLP
510 King Street, Suite 340
Alexandria, VA 20036
jibrahim@pobletetamargo.com
703−566−3037

---

Court rule, as the defendants advocate, that plaintiff's Complaint is related to the three cases cited in their Notice for the reasons stated ("the above captioned case is related to the following active cases in this district which involve service member challenges to the Department of Defense COVID-19 vaccination requirement under the Religious Freedom Restoration Act and First Amendment to the Constitution."), then, as a related case for those reasons, this Court should transfer plaintiff's case to the Middle District of Georgia (plaintiff would consent), pursuant to 28 U.S.C. 1404(a).

/s/ Jason I. Poblete
Jason I. Poblete
(DC Bar No.: 500414)
Global Liberty Alliance
510 King Street, Suite 340
Alexandria, VA 20036
jpoblete@globallibertyalliance.org
703−566−3041

/s/ Mauricio J. Tamargo
Mauricio J. Tamargo
(DC Bar No.: 469839)
pending admission D.D.C.
Global Liberty Alliance
510 King Street, Suite 340
Alexandria, VA 20036
mtamargo@globallibertyalliance.org
703−566−3041