IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPTAIN DANIEL KNICK,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense,** *et al.*,<br><br>    *Defendants*. | No. 1:22-cv-1267 (BAH) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER**

After deciding to initiate his lawsuit in this Court, after asking this Court for emergency injunctive relief, after the Court declined to provide such relief, and evidently dissatisfied with that ruling, Plaintiff now requests that the Court transfer this action to the Middle District of Georgia—a venue with which Plaintiff claims no connection, in which no Defendant resides, and where no events alleged in this case occurred. The Court should deny Plaintiff's motion.

First, Plaintiff's request for transfer of venue is a transparent effort at forum shopping, and his motion should be denied for this reason alone. Plaintiff made the affirmative choice to file his action in this district. He asserted that venue was proper here because "the military workplace and the defendants have a place of business" in the District of Columbia. Dkt. No. 5 ¶ 13 (invoking 28 U.S.C. § 1391(e)). He requested that this Court expend its time and resources in considering his motion for preliminary injunctive relief. Dkt. No. 8. And he made these choices with full knowledge of other cases brought in other districts against the Department of Defense and the Air Force asserting similar claims. Dkt. No. 15 at 3 (citing two such cases); *see also* Dkt. No. 17 at 11-13 (providing the comprehensive list of other litigation over the military's vaccination requirement). But now that this Court has declined to issue the relief he wanted, Plaintiff asks for

1

a transfer. This "constitutes a paragon for judicial forum shopping," *Gibson v. U.S. Navy*, 2007 WL 9757697, at *1 (D.D.C. June 18, 2007), and the Supreme Court has made clear that the transfer statute is not "a forum-shopping instrument," *Van Dusen v. Barrack*, 376 U.S. 612, 636 (1964). Moreover, "where a plaintiff [him]self seeks transfer, the plaintiff's 'second or third choices of forum receive[] *no* deference.'" *Lagor v. Eli Lilly & Co.*, 2007 WL 1748888, at *3 (D.D.C. June 18, 2007) (denying plaintiff's motion to transfer to another district after initiating her suit in the District of Columbia); *see also, e.g.*, *Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, at *2 (N.D. Cal. Sept. 28, 2006) (similar). Plaintiff cites no support for the proposition that he may leapfrog from one district to another simply because he regrets the forum he himself selected.

Second, Plaintiff cannot demonstrate that transfer to the Middle District of Georgia would be proper under the transfer statute. *See Royer v. Fed. Bureau of Prisons*, 934 F. Supp. 2d 92, 103 (D.D.C. 2013) (explaining that the burden is on the party seeking transfer). "As a threshold issue, transfer of venue pursuant to Section 1404(a) is only permissible if the receiving district is one where the case could have been brought in the first instance." *United States v. H&R Block, Inc.*, 789 F. Supp. 2d 74, 78 (D.D.C. 2011); *see also* 28 U.S.C. § 1404(a). Proper venue requires that an action be brought (1) where "a defendant in the action resides," (2) where a "substantial part of the events or omissions giving rise to the claim occurred," or (3) where "the plaintiff resides." 28 U.S.C. § 1391(e)(1); *see also* 14D Arthur R. Miller, et al., Federal Practice and Procedure § 3815 (4th ed. 2013) ("[U]nder Section 1391(e)(1)(A) the relevant inquiry is the official residence."). No Defendant has his official residence in the Middle District of Georgia because none of the military officials sued perform their official duties there—as Plaintiff's Complaint acknowledges. Dkt. No. 5 (caption) & ¶ 13; *see also, e.g.*, *Smith v. Dalton*, 927 F. Supp. 1, 6 (D.D.C. 1996) ("The test is whether the officer or agency performs a 'significant amount' of his or

2

her official duties there."); *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1338 (M.D. Ala. Feb. 1, 2001) ("[T]he official residence of the Secretary [of the Air Force] is either in the District of Columbia or the Eastern District of Virginia."). None of the events giving rise to Plaintiff's claims occurred in the Middle District of Georgia; the military's vaccination requirements issued out of Washington, D.C. and the adjudication of Plaintiff's religious exemption request and appeal occurred in Oklahoma and Washington, D.C., respectively. *See* Dkt. No. 17-13 at 10, 30; Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758; Sec'y of Air Force Mem. (Sept. 3, 2021), https://perma.cc/6E2W-3EQM. And Plaintiff himself does not appear to reside within the Middle District of Georgia, nor is his current or any past duty station anywhere in Georgia. Dkt. No. 8-7 ¶ 5. Accordingly, Plaintiff's "case could [not] have been brought in the first instance" in the Middle District of Georgia, and it cannot now be transferred there. *H&R Block*, 789 F. Supp. 2d at 78. The Court should therefore deny Plaintiff's motion.

| | |
|---|---|
| Dated: June 29, 2022 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| | ALEXANDER K. HAAS<br>Director, Federal Programs Branch |
| | ANTHONY J. COPPOLINO<br>Deputy Branch Director<br>Federal Programs Branch |
| | */s/ Catherine M. Yang*<br>ANDREW E. CARMICHAEL<br>Senior Trial Counsel<br>CATHERINE M. YANG<br>MICHAEL P. CLENDENEN<br>Trial Attorneys<br>Department of Justice, Federal Programs Branch<br>1100 L Street, N.W., Washington, DC 20005<br>Tel: (202) 514-4336<br>Email: catherine.m.yang@usdoj.gov<br>*Attorneys for Defendants* |